The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

SEATTLE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>BRETT KENNEDY, MAZIAR REZAKHANI, and SAM SADEGHI,<br><br>　　　　　　　　Defendants. | No. 2:17-cv-01344 RSL<br><br>**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT MAZIAR REZAKHANI**<br><br>NOTE ON MOTION CALENDAR: DECEMBER 21, 2017 |

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AGAINST DEFENDANT MAZIAR REZAKHANI
*SEC V. KENNEDY, ET AL.* (NO. 2:17-CV-01344 RSL)

**Securities and Exchange Commission**
44 Montgomery Street, Suite 2800
San Francisco, California 94104
(415) 705-2500

## I. Introduction

Pursuant to Federal Rule of Civil Procedure ("FRCP") 55(b)(2) and Local Civil Rule 55(b), Plaintiff Securities and Exchange Commission (the "Commission") hereby moves the Court for entry of default judgment against Defendant Maziar Rezakhani ("Rezakhani"), who has not appeared in this action, on the grounds that Rezakhani has failed to plead or otherwise defend this action and the Complaint's well-pleaded allegations establish that Rezakhani violated Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]. The Commission's motion is supported by the concurrently filed Declaration of Sallie S. Kim ("Kim Decl.") and its attached exhibits, the accompanying Proposed Default Judgment, the pleadings and papers on file in this action, and such other evidence as may be presented at a hearing. Default judgment is necessary to allow the Commission to obtain injunctive relief to prohibit future violations of the securities laws and to resolve the Commission's claims for monetary relief in the form of disgorgement with prejudgment interest and a civil penalty. Accordingly, the Commission respectfully requests that default judgment be entered against Rezakhani in the form of the Proposed Default Judgment.

## II. Background

On September 7, 2017, the Commission filed a Complaint in this Court alleging that Rezakhani violated Section 10(b) of the Exchange Act and Rule 10b-5 thereunder. Dkt. No. 1. On September 20, Rezakhani was served with a copy of the Complaint and Summons at the La Tuna federal correctional institution in accordance with FRCP 4.[1] Dkt No. 6; Kim Decl. ¶ 4, Ex. B. Rezakhani failed to serve an answer to the Complaint or to serve a motion by October 11, the deadline under FRCP 12. On November 14 and 16, Rezakhani informed the Commission that he did not intend to respond to the Complaint or otherwise defend this action, and that he would not respond to the Commission's motion for default judgment against him. Kim Decl. ¶¶ 8-9. On November 21, default was entered against Rezakhani pursuant to FRCP 55(a), a copy of which

---

[1] Rezakhani is incarcerated at the La Tuna federal correctional institution in Anthony, Texas, serving a five-year sentence after pleading guilty to one count of bank fraud, two counts of mail fraud, and one count of filing a false tax return. *See U.S. v. Rezakhani*, No. 15-CR-395-JLR. Rezakhani's criminal conviction on these counts was based on fraudulent schemes other than the insider trading scheme at issue in this action. Kim Decl. ¶ 2.

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AGAINST DEFENDANT MAZIAR REZAKHANI
*SEC V. KENNEDY, ET AL.* (NO. 2:17-CV-01344 RSL)

1

Securities and Exchange Commission
44 Montgomery Street, Suite 2800
San Francisco, California 94104
(415) 705-2500

was served on Rezakhani. Dkt. No. 13; Kim Decl. ¶ 12, Ex. C. The Commission is also providing special notice of this motion to Rezakhani.[2] To date, Rezakhani has not appeared in this action, and has not answered or otherwise responded to the Complaint. *Id.* ¶¶ 5-6. Rezakhani is not a minor or an incompetent person, and is not serving in the military. *Id.* ¶ 7.

Rezakhani's two co-defendants, Brett Kennedy ("Kennedy") and Sam Sadeghi ("Sadeghi"), have already settled with the Commission to resolve the charges against them. Dkt. Nos. 2-3. The Court ordered the entry of final judgments against them on October 10, 2017. Dkt. Nos. 8-9.

**III. Argument**

Default having been entered against Rezakhani, the Commission now moves for default judgment against Rezakhani pursuant to FRCP 55(b)(2) and Local Civil Rule 55(b).

**A.    The Complaint Establishes Rezakhani's Liability**

Once a defendant is in default, the well-pleaded allegations of the complaint are "deemed true" and the court is not required to make detailed findings of fact.[3] *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). This means that factual allegations, except those relating to the amount of monetary relief, are deemed to have been admitted by the non-responding party. FRCP 8(b)(6); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

The Complaint's allegations fully support that Rezakhani violated Section 10(b) of the Exchange Act and Rule 10b-5 thereunder. These provisions of the securities laws prohibit fraud in connection with the purchase or sale of securities. A trader is liable for insider trading under these provisions if he or she possessed material non-public information and traded in breach of a fiduciary duty or similar relationship of trust and confidence while possessing the requisite scienter. *See U.S. v. O'Hagan*, 521 U.S. 642, 651-52 (1997); *Chiarella v. U.S.*, 445. A tippee is liable "if the tippee knows the information was disclosed in breach of the tipper's duty" and the tippee "trades in disregard of that knowledge." *Salman v. U.S.*, 137 S. Ct. 420, 423 (2016).

---

[2] Notice is not required because Rezakhani has not appeared in this action. *See* FRCP 55(b)(2); Local Civil Rule 55(b)(4). Nevertheless, special notice has been provided to Rezakhani out of an abundance of caution.

[3] Unless the Court desires one, an evidentiary hearing is not required. FRCP 55(b)(2).

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AGAINST DEFENDANT MAZIAR REZAKHANI
*SEC V. KENNEDY, ET AL.* (NO. 2:17-CV-01344 RSL)

2

Securities and Exchange Commission
44 Montgomery Street, Suite 2800
San Francisco, California 94104
(415) 705-2500

1    The Complaint alleges that in April 2015, Rezakhani arranged to pay Kennedy, a college friend who was employed as a financial analyst at Amazon.com, Inc. ("Amazon"), for a preview of Amazon's expected earnings announcement for Q1 2015. Compl. ¶ 17. On April 20, Kennedy gave Rezakhani Amazon's non-public Q1 2015 revenue and earnings numbers, expecting that Rezakhani would trade on them. *Id.* ¶¶ 18-19. On April 22, Rezakhani met again with Kennedy, this time with Sadeghi, to discuss Amazon's expected stock performance in light of Kennedy's tip. *Id.* ¶ 22. Rezakhani knew, or was reckless in not knowing, that the information Kennedy provided was material and non-public. *Id.* ¶ 31.[4] Rezakhani also knew, was reckless in not knowing, or should have known that Kennedy provided the information in breach of his duty of trust or confidence to Amazon and for his personal benefit. Compl. ¶ 31.

The next morning, on April 23, Rezakhani placed orders to purchase 4,400 shares of Amazon for $1.715 million. *Id.* ¶ 24. When the market closed later that day, Amazon announced its Q1 2015 results, which included revenue and earnings numbers that matched the ones Kennedy had given Rezakhani, and Amazon's stock price increased. *Id.* ¶ 25. Rezakhani immediately sold all 4,400 shares of Amazon for $1.831 million, resulting in a profit of $115,997.39. *Id.* ¶¶ 26-27; Kim Decl. ¶ 17. Rezakhani paid Sadeghi approximately 10% of the profits in gifts and cash, and paid Kennedy $10,000 in cash for the tip. Compl. ¶¶ 28-29.

The Complaint's factual allegations, which must be taken as true, sufficiently establish that Rezakhani violated Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

### B.   The Court Should Enter Default Judgment Against Rezakhani

The Ninth Circuit has set forth several factors that may be considered in the court's exercise of discretion as to the entry of a default judgment: (1) possibility of prejudice, (2) merits of the plaintiff's substantive claims, (3) sufficiency of the complaint, (4) sum of money at stake, (5) possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) preference for decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72

---

[4] Amazon's Q1 2015 results were not public until they were announced on April 23 when the market closed. *Id.* ¶¶ 18-19, 25. This information would have been important to a reasonable investor in his or her investment decision, and was thereby material. *Id.* ¶ 33; *see Basic Inc. v. Levinson*, 485 U.S. 224, 231-232 (1988); *U.S. v. Smith*, 155 F.3d 1051, 1065 (9th Cir. 1998) (there can be no "doubt that the forecast of earnings was a material fact").

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AGAINST DEFENDANT MAZIAR REZAKHANI
*SEC V. KENNEDY, ET AL.* (NO. 2:17-CV-01344 RSL)

3

**Securities and Exchange Commission**
44 Montgomery Street, Suite 2800
San Francisco, California 94104
(415) 705-2500

(9th Cir. 1986) (the "*Eitel* factors"). In applying this discretionary standard, default judgments are more often granted than denied. *See PepsiCo v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999). Here, the *Eitel* factors strongly favor entry of default judgment.

With respect to the first *Eitel* factor, the Commission will suffer prejudice if default judgment is not granted because it would be left without recourse to enforce the securities laws. *See Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014). If default judgment is denied, the Commission would be deprived of a remedy until such time as Rezakhani "participates and makes an appearance in the litigation – which may never occur," especially where he has already communicated that he does not intend to do so. *Green v. California Pride, Inc.*, No. 14-CV-02006, 2016 WL 3354340, at *2 (E.D. Cal. June 16, 2016).

For the second and third *Eitel* factors to weigh in favor of default judgment, a plaintiff must state a claim on which it may recover, which often requires establishing a prima facie case. *See Getty Images (US), Inc. v. Virtual Clinics*, No. 13-cv-0626, 2014 WL 358412, at *3 (W.D. Wash. Jan. 31, 2014). As discussed above in Part III.A., Rezakhani's conduct as alleged in the Complaint meets all the elements of an insider trading violation. Thus, the merits of the Commission's substantive claims and the sufficiency of the Complaint support default judgment.

In weighing the fourth *Eitel* factor, courts consider whether "the recovery sought is proportional to the harm caused by defendant's conduct." *Getty Images*, 2014 WL 358412, at *4. The Commission seeks to hold Rezakhani liable for disgorgement of his ill-gotten gains and requests prejudgment interest and a civil penalty in the amount and for the reasons discussed below. The total amount requested is proportional to the harm caused by Rezakhani in trading a substantial amount of shares based on the illicit tip for which he paid Kennedy.

In considering the fifth *Eitel* factor, courts recognize that where default has been entered, there is no longer the possibility of a dispute concerning material facts because the plaintiff's factual allegations must be taken as true. *See Getty Images*, 2014 WL 358412, at *4. Here, the Commission has made allegations supported by evidence and Rezakhani has not challenged them. Rezakhani has not appeared in this action, has not answered the Complaint, and has told the Commission that he does not intend to defend this action. *See Microsoft Corp. v. Lopez*, No.

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AGAINST DEFENDANT MAZIAR REZAKHANI
*SEC V. KENNEDY, ET AL.* (NO. 2:17-CV-01344 RSL)

4

**Securities and Exchange Commission**
44 Montgomery Street, Suite 2800
San Francisco, California 94104
(415) 705-2500

C08-1743, 2009 WL 959219, at *3 (W.D. Wash. Apr. 7, 2009) ("Defendant's silence supports the Court's finding that it is unlikely that genuine issues exist as to any material facts.").

Under the sixth *Eitel* factor, there is no mistake or inadvertence that constitutes excusable neglect in this case. *See Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (1997) ("neglect" means "negligence, carelessness, inadvertent mistake"). Rezakhani is fully aware of this action and has deliberately chosen not to appear or defend against it. *See* Kim Decl. ¶¶ 8-9, 12; *Getty Images*, 2014 WL 358412, at *5 (finding "there is no excusable neglect" where a defendant is served with the Complaint, the entry of default, and the default judgment motion).

The seventh *Eitel* factor considers whether default judgment is appropriate in light of the policy favoring decisions on the merits, but it is not dispositive. *See Getty Images*, 2014 WL 358412, at *5; *Microsoft*, 2009 WL 959219, at *3. When a defendant simply refuses to participate in the proceedings and a decision on the merits is therefore not possible, this factor weighs in favor of granting default judgment. *See e.g., Bd. of Trustees v. Protech Servs., Inc.*, No. 12-cv-1047, 2014 WL 122702, at *7 (N.D. Cal. Nov. 4, 2013).

On balance, the *Eitel* factors overwhelmingly support default judgment.

**C.    The Court Should Impose a Permanent Injunction, Disgorgement with Prejudgment Interest, and a Civil Penalty Against Rezakhani.**

Whenever there is "a reasonable likelihood of future violations of the securities laws," a permanent injunction is appropriate. *SEC v. Murphy*, 626 F.2d 633, 655 (9th Cir. 1980). "The existence of past violations may give rise to an inference that there will be future violations; and the fact that the defendant is currently complying with the securities laws does not preclude an injunction." *Id.* Here, Rezakhani placed illegal trades in his brokerage account so that he could open a hedge fund based on the successful track record of that account. Compl. ¶ 13. After being released from prison, Rezakhani will be in his early thirties and likely seeking sources of income. Kim Decl. ¶ 2. Rezakhani has refused to answer the complaint or appear in this case, and there have been no assurances that he will not repeat his prior misconduct. A permanent injunction can serve the important function of prohibiting Rezakhani from resuming such fraudulent schemes and committing future violations of the securities laws.

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AGAINST DEFENDANT MAZIAR REZAKHANI
*SEC V. KENNEDY, ET AL.* (NO. 2:17-CV-01344 RSL)

5

Securities and Exchange Commission
44 Montgomery Street, Suite 2800
San Francisco, California 94104
(415) 705-2500

Disgorgement is an equitable remedy "designed to deprive a wrongdoer of unjust enrichment, and to deter others from violating securities laws by making violations unprofitable." *SEC v. First Pac. Bancorp*, 142 F.3d 1186, 1191 (9th Cir. 1988); *see SEC v. Rind*, 991 F.2d 1486, 1491 (9th Cir. 1993) (disgorgement plays a central role in the enforcement of the securities laws). Disgorgement need be "only a reasonable approximation of profits causally connected to the violation." *First Pac. Bancorp*, 142 F.3d at 1192 n.6. Here, the gain on Rezakhani's Amazon trades was $115,997.39. Kim Decl. ¶ 17. After Rezakhani paid Kennedy $10,000 for the tip and paid Sadeghi 10% of the profits for his participation in the scheme, Rezakhani retained $94,397.65 of the profits himself. *Id.* ¶ 18. Accordingly, Rezakhani was unjustly enriched, and should pay disgorgement in the amount of $94,397.65.

Prejudgment interest should be assessed on the disgorgement amount in order to ensure that Rezakhani does not benefit from the lapse of time between his illegal acts and the resolution of this action against him. *See SEC v. Cross Fin. Servs., Inc.*, 908 F. Supp. 718, 734 (C.D. Cal. 1995), *aff'd sub nom. SEC v. Colello*, 139 F.3d 674 (9th Cir. 1998). The Ninth Circuit has adopted the calculation of prejudgment interest based on the rate provided in 26 U.S.C. § 6621 for IRS tax underpayment instead of 28 U.S.C. § 1961. *SEC v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1099 (9th Cir. 2010); *see* Kim Decl. ¶ 19. Here, since Rezakhani obtained profits from his illegal trades at the end of April 2015, interest should be calculated beginning in May 2015. Compounded quarterly, the amount of interest is $9,286.82. Kim Decl. ¶ 20. Thus, the amount of Rezakhani's disgorgement, with prejudgment interest, should be $103,684.47.

Finally, the securities laws provide for civil monetary penalties to deter future violations, allowing up to three times the profit gained as a result of insider trading. *See* Exchange Act § 21A(a)(2) [15 U.S.C. § 78u-1(a)(2)]. The Commission seeks a substantial and meaningful penalty that reinforces the seriousness of the violations and deters illegal conduct by others.

### IV.   Conclusion

For the foregoing reasons, the Commission respectfully requests that the Court enter default judgment against Rezakhani, enjoining him from future violations and ordering him to pay disgorgement of ill-gotten gains with prejudgment interest and a civil monetary penalty.

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AGAINST DEFENDANT MAZIAR REZAKHANI
*SEC V. KENNEDY, ET AL.* (NO. 2:17-CV-01344 RSL)

6

**Securities and Exchange Commission**
44 Montgomery Street, Suite 2800
San Francisco, California 94104
(415) 705-2500

Dated:  December 21, 2017

Respectfully submitted,

 /s/ Sallie S. Kim
Sallie S. Kim (Conditionally Admitted Pursuant to LCR 83.1(c)(2))
Securities and Exchange Commission
44 Montgomery Street, Suite 2800
San Francisco, California  94104
Telephone:  (415) 705-2500
Facsimile:  (415) 705-2501
Email:  KimSal@sec.gov
*Attorney for Plaintiff Securities and Exchange Commission*

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AGAINST DEFENDANT MAZIAR REZAKHANI
*SEC V. KENNEDY, ET AL.* (NO. 2:17-CV-01344 RSL)

7

**Securities and Exchange Commission**
44 Montgomery Street, Suite 2800
San Francisco, California 94104
(415) 705-2500

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 21, 2017, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Chris Black
> Black Law PLLC
> 1111 Hoge Building
> 705 Second Avenue
> Seattle, WA  98104
> Email: chris@blacklawseattle.com
>   *(Attorney for Defendant Brett Kennedy)*

and I hereby certify that I have caused to be mailed by United States Postal Service the document to the following non-CM/ECF participants:

> Maziar Rezakhani
> Register Number: 45308-086
> FCI La Tuna
> Federal Correctional Institution
> P.O. Box 3000
> Anthony, NM  88021
>   *(Defendant)*
>
> Sam Sadeghi
> 12625 85th Place
> Newcastle, WA 98056
>   *(Defendant)*

Dated:   December 21, 2017

  */s/ Sallie S. Kim*
  Sallie S. Kim
  Securities and Exchange Commission
  44 Montgomery Street, Suite 2800
  San Francisco, California 94104
  Telephone: (415) 705-2500
  Facsimile: (415) 705-2501
  Email: KimSal@sec.gov

CERTIFICATE OF SERVICE
*SEC V. KENNEDY, ET AL.* (NO. 2:17-CV-01344 RSL)

1

**Securities and Exchange Commission**
44 Montgomery Street, Suite 2800
San Francisco, California 94104
(415) 705-2500